HYNES, by her Guardian *ad litem.* v. CHICAGO, M. & ST. P. RY. CO.[1]

(*Circuit Court, D. Minnesota.* February 14, 1885.)

1. PRACTICE IN CIRCUIT COURT—MOTION FOR NEW TRIAL—SETTLED CASE.
     As no writ of error lies to the action of a circuit court in granting or overruling a motion for a new trial, and the only use of a case settled or stated in the state court is to prepare the case for review in an appellate court, a motion for a new trial may be heard in the circuit court without such settled case.

2. SAME—ARGUMENT BEFORE CIRCUIT JUSTICE AT WASHINGTON—JUDGMENT, WHEN RENDERED.
     Although a circuit justice who has tried a case while on the circuit may hear argument on a motion for a new trial in Washington, he cannot there, without consent of the parties, render a judgment setting aside the one entered in the circuit court, but the motion may be continued from time to time until he can attend the court and make the necessary order.

3. SAME—VERDICT—EVIDENCE—CONTRIBUTORY NEGLIGENCE.
     Evidence of contributory negligence *held* sufficient to justify setting aside verdict for plaintiff.

Motion for a New Trial.

*O'Brien, Eller & O'Brien,* and *I. V. D. Heard,* for plaintiff.

*J. W. Cary, W. H. Norris,* and *D. S. Wagg,* for defendant.

MILLER, Justice. On this motion I am aided by liberal briefs of counsel on both sides. The case was tried before me at St. Paul in July, 1884, and judgment rendered on a verdict in favor of the plaintiff. An order was made under section 987 of the United States Revised Statutes, giving the defendant 42 days to file a petition for a new trial, which has been done. Neither party took any exceptions to the ruling of the court on the trial, and I am quite sure that no injustice was done the defendant in the course of the court. The question to be considered now is whether the verdict and judgment should be set aside because the former is not sufficiently supported by the evidence. Two questions of fact were controverted before the jury, viz., was the injury to plaintiff the result of the negligence of defendant's servants in charge of a car which struck the sleigh in which plaintiff was crossing the track of defendant? and if this is established, were plaintiff and those in charge of the sleigh guilty of such contributory negligence as would defeat the right to recover? As regards the first of these, while the evidence of the plaintiff was rather weak, there

[1] Reported by Robertson Howard, Esq., of the St. Paul Bar.

was enough of it to forbid me to set aside the verdict on that ground. In regard to the second ground, I think the evidence was very strong, and very little to contradict it. It would serve no useful purpose here to go over it, as I recollect it; and my impression is clear, full, and strong now as it was then that the contributory negligence on the part of those in charge of the sleigh was fully established; that with any care,—I will not say reasonable care, but with any care which a prudent person would have practiced in crossing the railroad track at that time and place,—no collision would have happened. For this reason I am of the opinion that a new trial should be granted.

It is objected by counsel for plaintiff that this motion can only be heard upon a case settled, or stated according to the state practice. That rule, however, is established as a means of preparing for a review of the action of the trial court on the motion in some appellate court. In the courts of the United States no writ of error lies to the action of a court in granting or overruling a motion for a new trial. Such a statement is therefore useless. Mr. Heard objects to this motion being heard upon an affidavit upon the part of defendant setting out the evidence. I think this wholly immaterial, and have not read the affidavit, and do not need anything to remind me of what took place at the trial.

The counsel for plaintiff objects to a hearing of the motion at Washington city, and says while he files a brief he does not waive the objection. I do not deem it important where the argument of the case is heard. The effect of it upon the mind of the judge is not likely to be modified by that circumstance. But I do agree that I have no right, setting here in Washington, to render a judgment setting aside the one already entered in this case. This has been often done by consent and agreement of counsel; and without such agreement I think my order made here would be of no force. But I see nothing to hinder the district judge or the circuit judge, or both, sitting in that court from adopting my views, if they believe them to be correct; or with the aid of these views hearing the case on the motion, and making such order there in term-time as they think right to make. If none of these methods can be adopted, the motion for a new trial can be continued from time to time until I can attend the court and make the necessary order. I return the papers in the case, with this opinion, to the office of the clerk of the circuit court.